967 F.2d 594
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Horacio Solis LOZOYA, Defendant-Appellant.
 No. 89-50613.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 8, 1992.
Decided June 18, 1992.
 
 Before TANG, SCHROEDER and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 OVERVIEW
 
 2
 Horacio Lozoya appeals his jury conviction of conspiring to possess with intent to distribute a controlled substance, 21 U.S.C. §§ 846, 841(a)(1). Lozoya contends that he was entrapped as a matter of law and that he was the victim of outrageous government conduct. We affirm.
 
 DISCUSSION
 
 3
 I. Entrapment as a Matter of Law.
 
 
 4
 "Entrapment is established when it is shown that a government agent has persuaded an unwilling person to commit a crime." United States v. Esquer-Gamez, 550 F.2d 1231, 1232 (9th Cir.1977). The defense of entrapment involves two elements: (1) government inducement of the crime, and (2) lack of defendant's predisposition to commit the crime. Mathews v. United States, 485 U.S. 58, 62-63 (1988). Lozoya must prove that the DEA agent induced Lozoya, an otherwise innocent person, to commit the crime through "trickery, persuasion, or fraud." United States v. Hsieh Hui Mei Chen, 754 F.2d 817, 821 (9th Cir.), cert. denied, 471 U.S. 1139 (1985).
 
 
 5
 Lozoya alleges that he was not predisposed to engage in cocaine trafficking and consented to a meeting with DEA Agent Cordova only after being constantly prodded by a DEA informant, Edward Kozodoy. This initial meeting was followed by a series of four additional meetings which led to Lozoya's arrest for possession with intent to distribute 25 kilograms of cocaine.
 
 
 6
 Predisposition focuses upon whether Lozoya was an " 'unwary innocent' " or, instead, an 'unwary criminal' who readily availed himself of the opportunity to perpetrate the crime." Mathews, 485 U.S. at 63. Five factors are considered when determining the predisposition of the defendant: 1) the character or reputation of the defendant; (2) whether the government initially suggested the criminal activity; (3) whether the defendant engaged in the activity for profit; (4) whether the defendant showed any reluctance; and (5) the nature of the government's inducement. United States v. Bonanno, 852 F.2d 434, 438 (9th Cir.1988). Although none of these factors is controlling, the defendant's reluctance to engage in criminal activity is the most important factor. United States v. Gordon, 844 F.2d 1397, 1406 (9th Cir.1988).
 
 
 7
 1. Character and predisposition.
 
 
 8
 Lozoya points out that he has no prior criminal history of cocaine trafficking and emphasizes the fact that the government did not see him in possession of cocaine before, and did not find cocaine, cocaine records, or cocaine paraphernalia at his house when he was arrested. However, "one may be predisposed to commit his first crime as much, if not more than, a chronic offender." Gordon, 844 F.2d at 1406.
 
 
 9
 However, Lozoya's claim about his lack of criminal history in cocaine trafficking is unfounded for several reasons. Initially, when Lozoya was introduced to DEA Agent Cordova, he told the agent that he had been in the cocaine business for several years; that he was seeking a new source of cocaine because he had just lost his major supplier of cocaine.
 
 
 10
 Second, throughout his dealings with Agent Cordova, Lozoya indicated that he was familiar with cocaine and its packaging. He never said that he did not know what he was doing in the cocaine business. Additionally, Lozoya told Agent Cordova that he had started in the cocaine business three to six years earlier by selling cocaine by the ounce. These conversations between Lozoya and the DEA Agents were recorded and admitted into evidence at trial.
 
 
 11
 Finally, during the sting operation, it was Lozoya who tested and was satisfied with the purity of the cocaine. He cut open one of the cocaine packages and proceeded to rub a small quantity of the cocaine on his gums. This method of checking for the purity of the cocaine belies Lozoya's claim that he was never involved in the cocaine business.
 
 
 12
 2. Suggestion of criminal activity.
 
 
 13
 The government does not dispute that it was Kozodoy, the DEA informant, who first suggested cocaine trafficking to Lozoya.
 
 
 14
 3. Monetary motivation for the illicit activity.
 
 
 15
 Lozoya agreed to be a cocaine distributor to supplement his legitimate business income. He hoped to make a profit of $500 for each kilo of cocaine bought from the agents.
 
 
 16
 4. Lozoya' reluctance.
 
 
 17
 Lozoya testified at trial that he was very reluctant to deal in cocaine. He claims that Kozodoy badgered him for approximately a year before he agreed to the 25 kilogram cocaine purchase. Lozoya testified that he received calls from Kozodoy and Fausto at the rate of three times per week over a period of six months, but never returned one call. Guadalupe, Lozoya's wife, testified that Kozodoy would call four or five times a day, asking to speak to Lozoya.
 
 
 18
 However, the government introduced evidence that when Lozoya first met Kozodoy, Lozoya asked Kozodoy if he could buy 25 kilograms of cocaine. Furthermore, that Lozoya asked if he could buy 50 kilograms of cocaine and then repay Agent Cordova several days later. Agent Cordova refused.
 
 
 19
 Testimony by the government also contradicted the alleged constant prodding. The government's case sought to establish that after the initial meeting between Kozodoy and Lozoya, there was a six month gap before their next meeting with Agent Cordova. During the time gap, Kozodoy did not make any contact with Lozoya.
 
 
 20
 5. The nature of the government's inducement.
 
 
 21
 The government contends that Lozoya was induced by money. Lozoya hoped to receive $500 dollars profit for each kilogram of cocaine sold.
 
 
 22
 In United States v. Esquer-Gamez, Enrique, the defendant, argued that he only cooperated after repeated inducements, approximately twenty in number. However, the government produced evidence that "the only inducement offered by the informant and the other agents was money". 550 F.2d at 1234. When the nature of the inducement is simply money, "predisposition to commit the crime may be inferred." United States v. Citro, 842 F.2d 1149, 1152 (9th Cir.), cert. denied, 488 U.S. 866 (1988); accord United States v. Sotelo-Murillo, 887 F.2d 176, 181 (9th Cir.1989).
 
 
 23
 After review of all the factors Lozoya was shown to be predisposed to violate 21 U.S.C. §§ 846, 841(a)(1). He possessed knowledge about the quality of the cocaine, which was demonstrated by his ability to taste for the purity of the cocaine. He agreed to a cocaine purchase for profit. Finally, he was part of a group of conspirators who combined to generate $385,000 dollars to purchase 25 kilograms of cocaine illegally.
 
 
 24
 Based upon this evidence, the government met its burden of introducing sufficient evidence from which a reasonable juror could conclude that Lozoya was not entrapped as a matter of law. See Hsieh Hui Mei Chin, 754 F.2d at 821-22. Lozoya's motions for acquittal based upon entrapment were properly denied.
 
 
 25
 II. Outrageous Government Conduct.
 
 
 26
 Lozoya also alleges that the investigation in his case was outrageous government conduct. However, because this issue was not raised below, Lozoya is "foreclosed from arguing this issue." United States v. Smith, 924 F.2d 889, 893 (9th Cir.1991).
 
 
 27
 Lozoya cites United States v. Jacobson, 60 U.S.L.W. 4307 (U.S. Apr. 6, 1992) (No. 90-1124) for the proposition that the government has no reasoned grounds for investigating Lozoya and as such, his process rights were violated. The Jacobson case involved the issue of entrapment and not outrageous government conduct. As previously discussed there was ample evidence for the jury to find there was no entrapment.
 
 
 28
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3